1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   WELLS FARGO BANK, N.A.,                    Case No.  1:21-cv-00643-JLT-BAK

12              Plaintiff,                       ORDER GRANTING PLAINTIFF LEAVE TO
                                                 FILE SUPPLEMENTAL BRIEFING IN
13        v.                                     SUPPORT OF MOTION FOR DEFAULT
                                                 JUDGMENT
14   RAYMOND DANIELS,
                                                 (ECF No. 25)
15              Defendant.

16

17        Currently before the Court is Plaintiff Wells Fargo Bank, N.A.'s ("Plaintiff") motion for

18   default judgment against Defendant Raymond Daniels ("Defendant").

19        Before awarding a default judgment against a defendant, the Court must determine the

20   adequacy of service of process, as well as the Court's jurisdiction over the subject matter and the

21   parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against

22   a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look

23   into its jurisdiction over both the subject matter and the parties."); *cf. S.E.C. v. Internet Sols. for

24   *Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("We review de novo whether default judgment is

25   void because of lack of personal jurisdiction due to insufficient service of process.").

26        Federal Rule of Civil Procedure 4 sets forth the requirements for serving an individual

27   within a judicial district of the United States.  An individual may be served by:

28   ///

                                                    1

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]

Fed. R. Civ. P. 4(e).

California law, in turn, permits service by publication as follows:

(a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either:
(1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.
(2) The party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court or the relief demanded in the action consists wholly or in part in excluding the party from any interest in the property.
(b) The court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served. If the party to be served resides or is located out of this state, the court may also order the summons to be published in a named newspaper outside this state that is most likely to give actual notice to that party. The order shall direct that a copy of the summons, the complaint, and the order for publication be forthwith mailed to the party if his or her address is ascertained before expiration of the time prescribed for publication of the summons. Except as otherwise provided by statute, the publication shall be made as provided by Section 6064 of the Government Code unless the court, in its discretion, orders publication for a longer period.

Cal. Code Civ. P. § 415.50.[1]

The order granting Plaintiff's application for leave to serve Defendant by publication did not specify the newspaper in which the summons was to be published. (ECF No. 10.) According to the proof of service Plaintiff filed, the summons was published in the Los Angeles Daily Journal, which is "adjudged a newspaper of general circulation as defined by the laws of the State of California by the Superior Court of the County of LOS ANGELES, State of California[.]" (ECF No. 11.) However, the complaint alleges that Defendant is a resident of Kern County. (ECF No. 1.) Additionally, Plaintiff's application for leave to serve Defendant by publication represented that Defendant's last known addresses were in Bakersfield and Santa Rosa. (ECF No. 9.)

Plaintiff's briefing in support of the motion does not address whether this publication is likely to give actual notice to Defendant. Therefore, the Court will grant Plaintiff leave to file

---

[1] California Government Code § 6064 requires publication to occur once a week for four successive weeks.

supplemental briefing addressing this issue.

In light of the foregoing, IT IS HEREBY ORDERED that, within fourteen (14) days of this order, Plaintiff may file supplemental briefing addressing the adequacy of service and whether publication in the Los Angeles Daily Journal is likely to give actual notice to Defendant.[2]

IT IS SO ORDERED.

Dated:   **May 24, 2022**                    /s/ *Erica P. Grosjean*

                                            UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff may file a request for an extension of time to submit his supplemental briefing if necessary.